**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KATHLEEN D. CLANCY and**
**RICHARD M. CLANCY,**

|                          |                      |
|--------------------------|----------------------|
| **Plaintiffs,**          | 04-CV-1018A(Sr)      |

**v.**

**ZIMMER, INC. and CARDINAL**
**HEALTH 200, INC.,**

                              **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER[1]

This matter was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #8.  Currently before the Court is plaintiffs' motion to remand the products liability action against defendants Cardinal Health 200, Inc. ("Cardinal"), and Zimmer, Inc. ("Zimmer"), to New York State Supreme Court, County of Erie (Dkt. #5); plaintiffs' motion to join Dr. Wierzbieniec, Northtowns Orthopedics, P.C., and Kaleida Health, d/b/a Millard Fillmore Suburban Hospital ("Kaleida Health"), as additional defendants and, because joinder would destroy diversity, remand this matter to New York State Supreme Court, County of Erie (Dkt. #22); Cardinal's motion for summary judgment (Dkt. #33); and Zimmer's motion for product identification discovery and extension of time to respond to Cardinal's motion for summary judgment.  Dkt. #37.

---

[1] Since the Court of Appeals for the Second Circuit has yet to determine whether a motion to remand is a dispositive or nondispositive motion, and the Hon. Richard J. Arcara has previously declined to decide the issue, the Court will avoid uncertainty over the scope of its jurisdiction by addressing the motion to remand by way of Report, Recommendation and Order rather than Decision and Order.  *Cf. Vogel v. United States Office Products Co.*, 258 F.3d 509, 514-517 (6th Cir. 2001) (agreeing with Courts of Appeals in the Third and Tenth Circuits that motions to remand are dispositive motions), *with In re Pfohl Bros. Landfill Litigation*, 67 F. Supp.2d 177, 179 (W.D.N.Y. 1999) (declining to decide whether motion to remand is dispositive "because it would adopt the Magistrate Judge's decision to remand even under a *de novo* standard.").

For the following reasons, it is recommended that plaintiffs' motion for joinder and remand be granted.

## BACKGROUND

On February 5, 2004, plaintiffs filed a medical malpractice action (Index No.: I2004-1210), against Dr. Wierzbieniec, Northtowns Orthopedics, P.C., and Kaleida Health, d/b/a Millard Fillmore Suburban Hospital, in New York State Supreme Court, County of Erie.  Dkt. #5, p.10.  In their verified complaint, plaintiffs allege that Kathleen D. Clancy underwent a total right knee replacement performed by Dr. Wierzbieniec of Northtowns Orthopedics, P.C. at Millard Fillmore Suburban Hospital on November 15, 2001.  Dkt. #5, p.15, ¶ 11.  Approximately four days later, Dr. Wierzbieniec removed a drainage tube from the plaintiff's knee.  Dkt. #5, p.15, ¶ 11.  Plaintiff experienced pain at the surgical site and underwent an arthroscopic debridement and removal of two fragments of the drainage tube by Dr. Wierzbieniec on July 16, 2002.  Dkt. #5, p.16, ¶ 12.  The pathology report from the arthroscopic debridement describes two tubular plastic fragments retained in plaintiff's leg.  Dkt. #5, p.16, ¶ 12.

In their verified complaint, plaintiffs allege that Kathleen D. Clancy continued treatment with Dr. Wierzbieniec and Northtowns Orthopedics, P.C. until August of 2002.  Dkt. #5, p.15, ¶ 9.  In their verified bill of particulars, plaintiffs state that Kathleen D. Clancy continued to receive treatment from Northtowns Orthopedics, P.C. through December 16, 2002.  Dkt. #31, p.8.

Plaintiffs' counsel affirms that during discovery with respect to the medical

malpractice action, plaintiffs determined that a claim should be made against Zimmer and Cardinal.  Dkt. #5, p.5, ¶ 9.  "Due to the impending expiration of the Statute of Limitations," counsel affirms that "the Plaintiffs did not have time to request leave of Court to amend their original Summons and Complaint against the new Defendants." Dkt. #5, p.6, ¶ 9.  Instead, plaintiffs commenced a separate products liability action against Zimmer and Cardinal in State Supreme Court, County of Erie (Index No.: 2004-11761), on November 17, 2004, seeking $1,000,000.00 on behalf of Kathleen D. Clancy and $250,000.00 on behalf of Richard M. Clancy.  Dkt. #5, p.22.  Counsel affirms that plaintiffs intended to join the products liability action against Zimmer and Cardinal with the pending medical malpractice action.  Dkt. #5, pp. 6-7, ¶ 11.

Zimmer, a Delaware corporation with its principal place of business in Indiana, removed the products liability action to federal court on December 22, 2004. Dkt. #1, p.2, ¶ 4; Dkt. #5, p.24, ¶ 2.  Cardinal, a Delaware corporation with its principal place of business in Illinois, consented to the removal.  Dkt. #1, p.2, ¶ 3; Dkt. #2 & Dkt. #16, p.1, ¶ 2.

## DISCUSSION AND ANALYSIS

**Motion to Remand Products Liability Complaint**

Plaintiffs move to remand the products liability complaint in the interest of justice and judicial economy so that it can be tried with the pending medical malpractice action.  Dkt. #5, ¶ 7.  In support of their motion, plaintiffs' counsel avers that he chose to file a separate products liability complaint against defendants Cardinal and Zimmer

rather than move to amend the pending medical malpractice complaint because the

statute of limitations was fast approaching when he first became aware of the potential

liability of Cardinal and Zimmer.  Dkt. #5, ¶¶ 9-10, 12.  Plaintiffs' counsel avers that he

intended to move to consolidate the complaints, and notes that had there been

sufficient time to move to amend the complaint, diversity jurisdiction would not have

existed.  Dkt. #5, ¶ 12.  Plaintiffs argue that they should not be forced to prosecute two

actions arising from the same occurrence in separate forums.  Dkt. #5, ¶ 14.


      Defendants argue that the products liability complaint was properly

removed and that plaintiffs have offered no legal basis to warrant remand.  Dkt. #15.


      28 U.S.C. § 1332(a)(1) provides:

> The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or
> value of $75,000, exclusive of interest and costs, and is
> between –
>
>   (1) citizens of different States.

28 U.S.C. § 1446, which sets forth the proper procedure for removal of an action to

federal court provides that

>   (a) A defendant or defendants desiring to remove any
> civil action or criminal prosecution from a State court shall
> file in the district court of the United States for the district
> and division within which such action is pending a notice of
> removal signed pursuant to Rule 11 of the Federal Rules of
> Civil Procedure and containing a short and plain statement
> of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant
> or defendants in such action.
>   (b) The notice of removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by the
> defendant, through service or otherwise, of a copy of the

> initial pleading setting forth the claim for relief upon which
> such action or proceeding is based, or within thirty days after
> the service of summons upon the defendant if such initial
> pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446 (a) & (b).  Although there is no express statutory requirement that all

defendants either join the petition for removal or consent to such removal, there is

widespread agreement among the district courts, including those in the Second Circuit,

that all named defendants over whom the state court acquired jurisdiction must join in

the removal petition for removal to be proper." *Borden v. Blue Cross & Blue Shield of

W.N.Y.*, 418 F. Supp.2d 266, 269-70 (W.D.N.Y. 2006).  The party asserting diversity

jurisdiction in federal court bears the burden of demonstrating that the action is properly

before the federal court. *Id.*


        In the instance case, plaintiffs are residents of New York seeking

damages in excess of $1,250,000.00 from Delaware corporations with principal places

of business in Illinois and Indiana.  Dkt. #1, p.2, ¶ 4; Dkt. #16, p.1, ¶ 2.  Zimmer

removed the products liability complaint to this Court, with Cardinal's consent, within

thirty days of being served with the Summons and Complaint.  Dkt. ##1 & 2.  As a

result, the products liability complaint is properly before this Court.  Absent exceptional

circumstances not presented here, federal courts may not abdicate their jurisdiction in

favor of the concurrent jurisdiction of state courts.  *See Colorado River Water

Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting "the virtually

unflagging obligation of the federal courts to exercise the jurisdiction given them.");

*Gregory v. Daly*, 243 F.3d 687, 702 (2d Cir. 2001) (maintenance of duplicate

proceedings insufficient to warrant abstention); *American Disposal Servs., Inc. v. O'Brien*, 839 F.2d 84, 87 (2d Cir. 1988) ("existence of concurrent federal and state proceedings regarding the same subject matter is not by itself sufficient to justify dismissal").  Accordingly, plaintiffs' motion to remand the products liability complaint (Dkt.#5), should be denied.


**Motion for Joinder and Remand**

Plaintiffs move to join Dr. Wierzbieniec, Northtowns Orthopedics, P.C., and Kaleida Health to the products liability complaint and, because joinder will destroy diversity jurisdiction, remand the action to State Supreme Court.  Dkt. #22.


Defendants, Dr. Wierzbieniec and Northtowns Orthopedics, P.C., oppose the motion on the ground that the statute of limitations against these defendants expired no later than May 19, 2004 and the medical malpractice claims cannot relate back to the original state court proceeding.  Dkt. ##25; 26 & 27.  Defendant Kaleida Health takes no position on the motion.  Dkt. #30.


Plaintiffs reply that the allegations of medical malpractice against Dr. Wierzbieniec and Northtowns Orthopedics, P.C., are timely because plaintiff Kathleen Clancy received continuous treatment through December 16, 2002, thereby extending the statute of limitations.  Dkt. #31.

28 U.S.C. § 1447(e) provides:

If after removal the plaintiff seeks to join additional

> defendants whose joinder would destroy subject matter
> jurisdiction, the court may deny joinder, or permit joinder and
> remand the action to state court.

"The decision whether to admit the new parties is within the sound discretion of the trial

court."  *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp.2d 509, 515 (S.D.N.Y. 2000).


In choosing the correct course, the court must first be satisfied that the

additional defendants are permissive defendants under Fed. R. Civ. P. 20.  *Dieng v.*

*Smith & Nephew Dyonics, Inc*., No, 02 CV 8201, 2003 WL 22240748, at *2 (S.D.N.Y.

Sept. 29, 2003); *see Hunt v. Stryker Corp.,* No. 03 Civ. 7385, 2004 WL 502186, at *2

(March 10, 2004); *Nazario v. Deere & Co.*, 295 F. Supp.2d 360, 363 (S.D.N.Y. 2003).

Fed. R. Civ. P. 20(a) permits a joinder of multiple defendants in one action if there is

asserted against the defendants "any right to relief in respect of or arising out of the

same transaction, occurrence, or series of transactions or occurrences and if any

question of law or fact common to all defendants will arise in the action."  Fed. R. Civ.

P. 20(a).  "Under this rule, 'the impulse is toward the broadest possible scope of action

consistent with fairness to the parties; joinder of claims, parties and remedies is strongly

encouraged."  *Monicon v. Infra-Metals Corp*., No. 01 Civ. 11389, 2002 WL 31834442, at

*2 (S.D.N.Y. Dec. 18, 2002), *quoting United Mine Workers of America v. Gibbs*, 383

U.S. 715, 724 (1966).  It is clear that these requirements are satisfied in the instant

case, as products liability and medical malpractice claims arising from the same

medical procedure raise common questions of law and fact.  *See Jedraszak v.*

*Intromedix, Inc.,* No. 00 CV 7566, 2004 WL 1497559, at *1 (S.D.N.Y. July 2, 2004);

*Hunt*, 2004 WL 502186, at *2; *Rodriguez v. Abbott Laboratories*, 151 F.R.D. 529, 533

(S.D.N.Y. 1993).

      "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush v. Artuz*, No. 00 Civ. 3436, 2001 WL 1313465, at *5 (S.D.N.Y. 2001) (internal quotation omitted); *see Clarke v. Fonix Corp.,* No. 98 Civ. 6116, 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999), *aff'd* 199 F.3d 1321 (2d Cir. 1999).  Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).

      New York's Civil Practice Law and Rules provides that "[a]n action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure."  N.Y. C.P.L.R. § 214-a.   As a result, plaintiffs' August 30, 2005 motion to amend the products liability action to incorporate allegations of medical malpractice arising from treatment rendered by Dr. Wierzbieniec no later than August of 2002 and by Northtowns Orthopedics, P.C. no later than December 16, 2002, is untimely unless it relates back to an original proceeding pursuant to Fed. R. Civ. P.

-8-

15(c).  Dkt. #5, p.15, ¶ 9; Dkt. #22; Dkt. #31, p.8.

> Fed. R. Civ. P. 15 (c) provides that
>
> An amendment of a pleading relates back to the date of the
> original pleading when
>
> * * *
>
> (2) the claim or defense asserted in the amended pleading
> arose out of the conduct, transaction, or occurrence set forth
> in the original pleading.

Pursuant to this provision, "the central inquiry is whether adequate notice of the matters

raised in the amended pleading has been given to the opposing party within the statute

of limitations by the general fact situation alleged in the original pleading.  *Slayton v.*

*American Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006).


In *Thompson v. Beth Israel Medical Center*, the district court determined

that the definition of original pleading encompassed a separately filed state court

pleading.  No. 96 Civ. 0509, 1999 WL 228387, at *1 (S.D.N.Y. April 19, 1999).  The

court explained that

> Plaintiff's fourth cause of action, alleging false arrest and
> false imprisonment in violation of state law, is not dismissed
> as untimely.  Plaintiff raised this claim in her *pro se*
> complaint filed in New York State Supreme Court on August
> 19, 1994 within the required statutory period of limitations.
> When a separately filed state court complaint against the
> Beth Israel Defendants was removed to federal court,
> plaintiff amended her federal complaint in March 1996 to
> include the claims against the City Defendants.  These
> claims are not untimely merely because they were first made
> in federal court in March 1996 after the expiry of the
> statutory period of limitations.  The City Defendants were
> clearly on notice of plaintiff's claims from the date the state

> court complaint was filed, and the allegations contained in
> the March 1996 amended complaint are deemed to relate
> back to the original state court complaint.

*Id.* In reaching this conclusion, the district court cited *Mueller v. Long Island R.R.*, in

which the court rejected defendants' argument that amendment of a federal complaint

to exercise supplemental jurisdiction over a medical malpractice claim would be futile,

explaining that

> plaintiff filed a timely state claim for malpractice against the
> medical defendants.  The allegations of the state complaint
> are identical to the allegations in the proposed amended
> complaint in this Court; as a result, the medical defendants
> were clearly on notice of the plaintiff's claim from the date
> the state court complaint was filed.  Given that the "linchpin
> [of Rule 15(c)] is notice," *Schiavone v. Fortune*, 477 U.S. 21,
> 31 . . . (1985), I conclude that plaintiff's proposed
> amendment relates back to the date of the original state
> court complaint against the medical defendants.
> Accordingly, plaintiff's proposed malpractice claim is not
> time-barred and the amendment is not futile.

No. 89 Civ. 7384, 1997 WL 189123, at *5-6 (S.D.N.Y. April 17, 1997).  In *Hutchinson v.*

*United States,* the district court relied upon *Mueller* to exercise supplemental jurisdiction

over plaintiffs' medical malpractice claim and deny defendants' motion to dismiss the

claim as barred by the statute of limitations where a state court medical malpractice

action, which was removed to federal court and dismissed without prejudice, placed

defendants on notice of the medical malpractice claims.  No. 01-CV-1198, 2004 WL

350576, at *6 (E.D.N.Y. Feb. 20, 2004).

      This court finds the analysis of these cases persuasive.  As a result, the

court determines that because the state court medical malpractice action was filed

within the statute of limitations period and plaintiffs' proposed amendment to the products liability complaint seeks to join the timely medical malpractice action, the allegations against the medical defendants relate back to the original state court complaint.

Having determined that joinder is not futile, the court must also consider whether joinder comports with principles of fundamental fairness by analyzing: (1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend. *Nazario*, 295 F.2d at 363; *Briarpatch*, 81 F. Supp.2d at 515. "Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor." *Nazario*, 295 F. Supp.2d at 363.

Plaintiffs assert that they commenced a second suit rather than move to amend the original state court action so as to avoid concerns about the running of the statute of limitations, which was fast approaching upon discovery of the products liability claim. Dkt. #5, p.6, ¶ 9. Plaintiffs aver that they intended to move to consolidate the complaints in state court, but were prevented from doing so by defendants' removal. Dkt. #5, pp.6-7, ¶ 11. This is an adequate explanation as to both the reason for the delay and plaintiffs' motivation in moving to amend. *See Dieng*, 2003 WL 22240748, at *1. With respect to prejudice, there is no indication that the defendants will not be afforded an adequate opportunity to prepare their defense to this action in the state courts. In any event, any prejudice which might arise from remand to state court "is

outweighed by the danger of multiple litigation and the concomitant waste of judicial

resources." *Id.* at *3.  As plaintiffs aptly state,

> It is conceivable that the State Court Defendants will
> successfully place blame and liability on the Federal Court
> Defendants for the Plaintiff's [sic] serious injuries and
> damages while at the same time the Federal Court
> Defendants could successfully place the liability and blame
> on the State Court Defendants for the Plaintiff's [sic] injuries
> and damages which could severely effect the Plaintiff's [sic]
> ability to recover for her personal injuries and damages.
> Conversely, it is feasible that the Plaintiff [sic] could receive
> multiple verdicts and judgments from two different jury
> panels which could eventually lead to a double recovery for
> the Plaintiffs if they are successful in placing blame in
> Federal Court on the current Federal Court Defendants and
> in State Court on the current State Court Defendants.

Dkt. #22, p.9.  Accordingly, it is recommended that plaintiffs' motion to join Dr.

Wierzbieniec, Northtowns Orthopedics, and Kaleida Health as additional parties be

granted and, because joinder of these defendants destroys diversity, that this

consolidated action be remanded to state court.  Defendant Cardinal's motion for

summary judgment and defendant Zimmer's motion for product identification discovery

should be determined by the state court.


## CONCLUSION

      For the foregoing reasons, it is recommended that plaintiffs' motion (Dkt.

#5), to remand the products liability complaint against Cardinal and Zimmer to New

York State Supreme Court, County of Erie be **DENIED**; plaintiffs' motion (Dkt. #22), to

join Dr. Wierzbieniec, Northtowns Orthopedics, and Kaleida Health as defendants  and

remand the consolidated products liability and medical malpractice action to New York

State Supreme Court, County of Erie, pursuant to 28 U.S.C. § 1447(e), be **GRANTED**; and Cardinal's motion (Dkt. #33), for summary judgment and Zimmer's motion (Dkt. #37), for product identification discovery and extension of time to respond to respond to Cardinal's motion for summary judgment be **DENIED WITHOUT PREJUDICE** to renewing in New York State Supreme Court, County of Erie.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Latch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an

extension of such time waives the right to appeal the District Court's Order. *Thomas v. a]n*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:       Buffalo, New York
             February 8, 2007

                          **S/ H. Kenneth Schroeder, Jr.**
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**